UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| OMEGA HOSPITAL, L.L.C. | CIVIL ACTION |
| VERSUS | NO. 08-3715 |
| AETNA LIFE INSURANCE COMPANY | SECTION "N"  (1) |

## ORDER AND REASONS

Before the Court is the Plaintiff's Motion to Remand (Rec. Doc. 4).  After reviewing the Petition for Damages, the memoranda of the parties, and the applicable law, the Court rules as set forth herein.

**I.  BACKGROUND**

Plaintiff Omega Hospital, L.L.C. ("Omega") contacted Defendant Aetna Life Insurance Company ("Aetna") to verify the payment for the intended services of a patient, Diane R.[1] Before Diane R's surgery, Aetna allegedly assured Omega that it would make payment to Omega for the procedure.  After Aetna refused to fully compensate Omega for the procedure, as allegedly promised, Omega filed suit against Aetna in the 24th Judicial District Court for the

---

[1] Diane R. was a participant in a fully insured HMO issued to her husband's employer, The Pool Company, by Aetna Health, Inc., at the time she underwent the procedure at issue. The plan covering Diane R. was an employer-sponsored health benefit plan governed by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et. seq. (Exhibit A to Rec. Doc. 5). As for the services provided by Omega, Omega obtained an assignment of rights from Diane R. (Exhibit B to Rec. Doc. 5).

Parish of Jefferson. Omega's Petition seeks payment from Aetna and asserts a claim for open account based upon theories of bad faith and/or breach of contract and/or by virtue of the Louisiana Unfair Trade Practices Act ("LUTPA"). Aetna timely removed this matter to this Court based on federal question jurisdiction.[2]

## II.   THE ARGUMENTS OF THE PARTIES

In support of its motion to remand, Omega contends that it has asserted only state-law claims; therefore, this Court lacks federal question subject matter and removal jurisdiction. Aetna maintains that section 502(a) of ERISA, 29 U.S.C. §1132(a), is not applicable and, thus, does not "completely preempt" its claims.

## III.   LAW AND ANALYSIS

### A.   Legal Standard - Motion to Remand

"Federal courts are courts of limited jurisdiction." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001), *cert. denied*, 122 S. Ct. 459 (2001). Furthermore, courts "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Id*. In deciding whether subject matter jurisdiction exists, a court must look to the claims in the state court pleadings as they existed at the time of removal. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Thus, in the context of actions removed from state court, the removing party bears the burden of demonstrating the federal court's jurisdiction and that removal was proper. See *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). Because the

---

[2] Although this was the only basis for jurisdiction asserted by Aetna in its Notice Of Removal (Rec. Doc. 1), Omega also addresses diversity jurisdiction in its Motion to Remand (Rec. Doc. 4). Because the undersigned finds these arguments unnecessary as diversity jurisdiction was not raised in Aetna's Notice of Removal, the Court will not address the issue of diversity jurisdiction in this opinion.

removal statute should be strictly construed in favor of remand, any ambiguities in the state court petition are construed against removal. *Id.* (citing *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000)).

### B.   Federal Question Jurisdiction

Federal district courts have original subject matter jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "It is long settled law that a cause of action arises under federal law only when the Plaintiff's well-pleaded complaint raises issues of federal law." *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987); (citing *Gully v. First Nat'l Bank*, 299 U.S. 109 (1936)). However, Congress may choose to completely pre-empt a particular claim in that any civil complaint raising this particular claim shall be considered "federal" in nature. *Metro. Life. Ins.*, 481 U.S. at 63-64. Specific to ERISA, "Congress has clearly manifested an intent to make causes of action within the scope of civil enforcement provisions of § 502(a) removable to federal court." *Id*. at 66.

### C.   Analysis - ERISA Preemption

A state-law claim that comes within the scope of the civil enforcement remedy established by section 502(a) of ERISA, 29 U.S.C. §1132(a), is "completely preempted," and does provide subject matter and removal jurisdiction under 28 U.S.C. §§1331 and 1441(b). In other words, the ERISA civil enforcement provision, when applicable, converts a state-law claim into a federal claim for purposes of the "well-pleaded complaint" rule. See *Aetna Health Inc. v. Davila*, 542 U.S. 200, 124 S. Ct. 2488, 2494-96 (2004); *Beneficial Nat'l Bank v. Anderson*, 539 U.S. at 6-8, 123 S. Ct. at 2062-63; *Ellis v. Liberty Life Assur. Co. of Boston*, 394 F.3d 262, 276, n. 34; *Giles v. NYLCare Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999).

In *Davila*, the United States Supreme Court addressed the issue of whether ERISA preempted a participant and beneficiary's state law tort claims. The Court explained, "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B), and where there is no other independent legal duty that is implicated by Defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)(1)(B)." 542 U.S. 200, 210. The *Davila* Court ultimately determined that the plaintiffs' state law claims were preempted by ERISA, reasoning that the participant and beneficiary of the ERISA plan could have brought their claims under § 502(a)(1)(B) and that there was no other independent legal duty implicated by Defendant's actions.

Here, Aetna makes a similar argument. Aetna contends that: (1) Omega could have brought a claim under § 502(a) as it was assigned Diane R.'s rights and, (2) that there is no other independent legal duty implicated by Omega's actions. The Court concludes that although Aetna has a valid argument that Omega *could* have brought an ERISA claim pursuant to its assignment of rights, Aetna has no argument that an independent legal duty was not implicated by its actions.[3]

Regarding the first prong of the *Davila* test, the Court recognizes that if Omega had sued Aetna pursuant to an assignment of Diane R.'s benefits under the Plan, Omega's claims would undeniably seek to recover benefits and/or enforce rights under an ERISA plan, and would be completely preempted under §1132(a). *See Transitional Hosp. Corp. v. Blue Cross and Blue Shield of Texas*, 164 F.3d 952, 954 (5th Cir. 1999); *Hermann Hosps. v. MEBA Med. & Benefits*

---

[3] This finding is similar to the recent conclusion by Judge Ivan Lemelle in *Omega Hospital, L.L.C. v. Aetna Life Ins. Co.*, 2008 WL 4091078 (E.D. La. Aug. 27, 2008) and by Judge Lance Africk in *Omega Hospital, L.L.C. v. Aetna Life Ins. Co.*, 2008 WL 4059854 (E.D. La. Aug. 25, 2008).

*Plan,* 845 F.2d 1286, 1289-90 (5th Cir. 1988) (*Hermann I*). However, although Diane R. assigned her rights under the plan to Omega, here, Omega is not suing as an assignee to recover plan benefits or dispute the terms of the plan. Instead, Omega is suing Aetna as a third-party provider to recover based on detrimental reliance and breach of an alleged oral contract between it and Aetna. That being noted, because Diane R, an ERISA participant, assigned her right to receive benefits to Omega, Omega *could* have brought claims against Aetna pursuant to ERISA § 502(a)(1)(B). However, even though the first element of the *Davila* case is satisfied, the inquiry does not end. The Court must also determine whether Omega's claims implicate an independent legal duty.

A claim implicates an independent legal duty when the individual is entitled to the state law claim regardless of the terms of an ERISA plan. *Davila*, 542 U.S. at 210. To make the determination of whether Omega's claims implicate an independent legal duty, this Court must engage in "a fact-sensitive inquiry into whether a medical services provider is properly characterized as an independent third-party provider or as an assignee asserting a derivative claim for ERISA benefits." *Abilene Reg'l Med. Ctr. v. United Indus. Workers Health & Benefits Plan*, No. 06-10151, 2007 WL 715247, at *3 (5th Cir. Mar. 6, 2007).

Omega is not claiming that Aetna is liable for failing to pay pursuant to the terms of an ERISA plan. Instead, Omega claims that Aetna's representations concerning Diane R.'s insurance coverage, upon which Omega claims it reasonably relied, are the basis of its claims.[4] As noted by Judge Africk in *Omega Hospital, L.L.C. v. Aetna Life Insurance Co.*:

---

[4] As noted herein, Omega's Petition seeks payment from Aetna and asserts a claim for open account based upon theories of detrimental reliance/bad faith and/or breach of contract and/or by virtue of the Louisiana Unfair Trade Practices Act ("LUTPA").

> Courts have consistently held that claims of detrimental reliance and breach of contract for failure to pay after verification of benefits implicate independent legal duties that are not preempted by ERISA. See [*Memorial Hosp. System v. Northbrook Life Ins. Co.,* 904 F.2d 236, 250 (5th Cir. 1990](holding that a third-party healthcare provider's negligent misrepresentation claim was not preempted by ERISA); *Jefferson Parish Hosp. Serv. Dist. No. 2 v. Principal Health Care of La., Inc.*, 934 F.Supp. 206, 209 (E .D. La.1996) (Fallon, J.) (holding that a detrimental reliance claim brought by a third-party healthcare provider against an ERISA plan was brought in the healthcare provider's independent status); *Jefferson Parish Hosp. Dist. No. 2 v. Cent. States*, 814 F.Supp. 25, 27 (E.D. La.1993) (Arceneaux, J.) (holding that ERISA did not preempt a hospital's detrimental reliance claim); *Intra-OPerative Monitoring Servs., Inc. v. Humana Health Benefit Plan of La., Inc.*, No. Civ.A. 04-2621, 2005 WL 1155847, at *2 (E.D.La. May 5, 2005) (Zainey, J.) (holding that the plaintiffs' claims were not preempted by ERISA because they were not seeking plan benefits, but instead were seeking to recover for detrimental reliance and breach of contact for failure to pay after verifying services).

2008 WL 4059854, at *4. Thus, because Omega is seeking to recover based on Aetna's actions independent of an ERISA plan and is not seeking to recover ERISA plan benefits, this Court finds that, under *Davila*, Omega's claims are not preempted by ERISA.

The Court also notes that in addition to the two part preemption test from *Davila*, the Fifth Circuit has applied another two-prong test. See *Mayeaux v. Louisiana Health Serv. and Indem. Co.*, 376 F.3d 420, 432 (5th Cir. 2004). "A defendant pleading preemption must prove that: (1) the claim 'addresses an area of exclusive federal concern, such as the right to receive benefits under the terms of the Plan; and (2) the claim directly affects the relationship among traditional ERISA entities - the employer, the plan and its fiduciaries, and the participants and beneficiaries.'" *Bank of Louisiana v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 242 (5th Cir.2006)( quoting *Mayeaux*, 376 F.3d at 432). Applying this test to the instant issue, this Court finds helpful the reasons explained by Judge Lemelle in *Omega Hospital, L.L.C. v. Aetna Life Ins. Co.*:

6

> Plaintiff here is not attempting to recover benefits under an ERISA plan, thus the claim does not address an area of exclusive federal concern. . . .As an independent third-party medical provider, the Plaintiff is attempting to recover the benefits that Defendant allegedly assured Plaintiff it would provide. . . . Additionally, Plaintiff has a strong argument that ERISA does not preempt its claim because in the Fifth Circuit "a health care provider does not even have independent standing to seek redress under ERISA." *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 249 (5th Cir.1990)(citing *Hermann Hosp. v. MEBA Med. & Benefits Plan*, 845 F.2d 1286, 1290 (5th Cir.1988)).

2008 WL 4091078, at *2.

Thus, after having considered the memoranda of the parties, the Court finds that Aetna has not satisfied its burden, as the removing party, of demonstrating that removal of the instant action was authorized by §1132(a).  In other words, Aetna fails to establish that Omega's claims, which are based on state contract law and which are brought by a third-party medical provider, come within the scope of the civil enforcement remedy provided by §1132(a).

### IV.   CONCLUSION

Considering the foregoing, **IT IS ORDERED** that the Plaintiff's Motion to Remand (Rec. Doc. 4) is **GRANTED.**  Accordingly, this matter is remanded to the 24th Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, this 24th day of October, 2008.

           **KURT D. ENGELHARDT**
           **UNITED STATES DISTRICT JUDGE**